IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ERIC WINSTON                                                                                              PLAINTIFF
ADC #105483

V.                                                   NO.  5:08cv00230 BSM

MARSHAL GONDA, et al                                                                              DEFENDANTS

<u>ORDER</u>

On August 18, 2008, plaintiff, a pro se inmate currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (doc. 2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (doc. 1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (doc. 3).

**I. Background**

Plaintiff alleges that, on June 27, 2005, one of the defendants sprayed him in the face with a 3-4 second burst of "Sabre Red" chemical agent through a hole either in or around the side of the toilet in his cell.  According to plaintiff's evidence, this was done after plaintiff flooded his cell.  After spraying plaintiff, defendants then allegedly came to the front of plaintiff's cell and began cleaning up the water on the floor.  Plaintiff asked defendants to remove him from the cell because he couldn't breathe but they refused and left him there for approximately thirty more minutes.  When defendants opened the cell door to cuff plaintiff, Defendant Gonda allegedly reached around the side of the door and sprayed plaintiff in the face again.  Plaintiff was forced to remain in the cell ten more minutes and was then forced to remove his clothing before he was taken to the shower.  Plaintiff alleges he stayed in the shower for thirty minutes or more before he was seen by a nurse.  Plaintiff further alleges that one of the defendants urinated on his mattress while he was in the shower.  After

this first incident, plaintiff claims that defendants sprayed him again. According to the evidence attached to his complaint, after his first shower and meeting with the medical staff was complete, plaintiff refused a direct order to submit to restraints to be escorted back to his cell. After he refused a second time, the Sabre Red chemical agent was used again. Plaintiff showered again and was seen by medical staff again.

## II.  Statute of Limitations Issue

It is a general principle of federal civil procedure that courts can raise affirmative defenses sua sponte if it "'is so plain from the face of the complaint that the suit can be regarded as frivolous; and the district judge need not wait for an answer before dismissing the suit.'" World Church of Creator v. Te-Ta-Ma Truth Found.-Family of URI, Inc., 239 F. Supp.2d 846, 847 (C.D. Ill. 2003) (citing Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002)); Pino v. Ryan, 49 F.3d 51, 53 (2nd Cir. 1995) (sua sponte dismissal prior to service of the pro se complaint upheld on limitations grounds as a dismissal for frivolousness since such a claim "is based on an indisputably meritless legal theory"). It is also clear that the Prison Litigation Reform Act makes Fed. R. Civ. P. 12(b)(6) grounds available to a district court at any time, and in fact seems to make dismissal on such grounds mandatory. See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (iii) fails to state a claim on which relief may be granted") (emphasis added).

Plaintiff's claims, which stem from an incident that occurred on June 27, 2005, appear to be untimely filed. Under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. See United States v. Kubrick, 444 U.S. 111, 122-24 (1979); see also Hill v. State of Iowa, 89 F.3d 840 (8th Cir. 1996) (unpub. per curiam); Piotrowski v. City of Houston, 51 F.3d 512, 515 (5th Cir. 1995) ("Under

federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured'") (internal citations and quotations omitted).  In <u>Kubrick</u>, the Supreme Court held that for a cause of action to accrue, it is critical that the plaintiff know that he has been hurt and who inflicted the injury.  Once imputed with that knowledge, the plaintiff is on inquiry notice, imposing on him a duty to inquire about the details of negligence that are reasonably discoverable: "To excuse him from promptly [making inquiry] by postponing the accrual of his claim would undermine the purpose of the limitations statute."  <u>Kubrick</u>, 444 U.S. at 123.  Thus, for purposes of Plaintiff's § 1983 claim, his cause of action accrued either when he gained knowledge of his claim or when he was put on notice (by the knowledge of the fact of injury and who caused it) to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim.  See <u>Chalmers v. Toyota Motor Sales, USA, Inc.</u>, 935 S.W.2d 258, 261 (Ark. 1996) (the limitations period begins running when "there is a complete and present cause of action" and "in the absence of concealment of the wrong, when the injury occurs, not when it is discovered"); <u>see</u> <u>also</u> <u>Ormiston v. Nelson</u>, 117 F.3d 69, 72 (2d Cir. 1997) (a plaintiff whose claim would otherwise be time barred "must plead facts indicating that he was not able to comprehend the nature of his circumstances" when the injury occurred); <u>Collyer v. Darling</u>, 98 F.3d 211, 220 (6th Cir. 1996) (§ 1983 claims accrue "when the plaintiff knows or has reason to know that the act providing the basis of his . . . injury has occurred"); <u>Baker v. Bd. of Regents of State of Kan.</u>, 991 F.2d 628, 632 (10th Cir. 1993) (under the federal accrual rule, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue") (internal citations omitted); <u>Burns v. Town of Lamoine</u>, 43 F. Supp.2d 63, 68-69 (D. Me. 1999) (the fact that the plaintiff was unaware that her injury gave rise to a claim for relief is irrelevant; "There is no federal accrual doctrine or 'discovery rule' that tolls the statute of limitations

where a plaintiff was aware of his injury, but unaware of a potential legal theory. A plaintiff's unfamiliarity with possible legal recourse will not toll the statute of limitations").

While the accrual question is governed by federal law, the relevant limitations period is determined by state law. In Wilson v. Garcia, 471 U.S. 261 (1985), the United States Supreme Court held that § 1983 actions should be characterized as personal injury claims, and, as such, are governed by the personal injury statute of limitations in the state where the alleged injury occurred. In Arkansas, the general personal injury statute of limitations is three years. See Ark. Code Ann. § 16-56-105; Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992). In applying these state limitations statutes, federal courts also follow the tolling laws of the state where the injury occurred. Hardin v. Straub, 490 U.S. 536 (1989); Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 484 (1980).

In the present case, on June 27, 2005, the incidents that gave rise to this action occurred. Plaintiff's cause of action accrued the moment he knew or had reason to know of the injuries which formed the basis of his action. Here, it is facially evident from plaintiff's recitation of the facts that he had actual notice of the alleged causes of action on June 27, 2005. Drawing all inferences in plaintiff's favor, and using that date for limitations purposes, the last day he could file his complaint in this court concerning his 2005 claims was June 27, 2008. The file reflects that plaintiff's complaint was signed on August 13, 2008, and filed in this court on August 18, 2008. Consequently, the statute of limitations appears to bar plaintiff's claims. Furthermore, plaintiff has not pled facts that would merit tolling the limitations period. See Bd. of Regents of Univ. of New York, 446 U.S. at 484 (tolling for § 1983 claim determined by state law); Ark. Code Ann. §§ 16-56-116, 16-56-120 (Supp. 2001) (statute tolled only if plaintiff under disability at time action accrued or defendant acted to prevent plaintiff from commencing action).

It is clear that the incidents giving rise to this cause of action occurred on June 27, 2005. It is also clear that the alleged harm was definite and discovered by plaintiff on that date. In sum, plaintiff was aware for more than three years before filing this claim, that he had potential claims against defendants for excessive force, failure to protect, and denial of medical care.

### III.  Conclusion

For the reasons enumerated herein, plaintiff is placed on notice that it appears to the court that his claims are time-barred. If plaintiff disagrees, he is directed to file a statement with the court setting forth any and all facts in support of his position that his claims are timely filed. **Plaintiff is directed to file such statement within thirty (30) days of this order's entry date. If plaintiff fails to respond to this order, his complaint will be dismissed as time-barred and frivolous.**

IT IS SO ORDERED this 27th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE